**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KRISTEN COSGROVE, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW M. SAUL, | : | No. 19-2556 |
|     Defendant. | : | |

**MEMORANDUM OPINION**

**Timothy R. Rice**                                                                                                    June 29, 2020
**U.S. Magistrate Judge**

Plaintiff Kristen Cosgrove moves to alter my Order of April 23, 2020 (doc. 26), which denied her motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Pl. Mot. (doc. 28). Cosgrove argues the Commissioner's unconstitutional pre-litigation actions require me to find the government's litigation position was not "substantially justified." Reply (doc. 30) at 2. For the reasons explained below, I deny Cosgrove's motion.

Under the EAJA, attorney fees shall be made available to a "prevailing party" in certain litigation against the federal government, unless the government's position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). To show its position was substantially justified, the government must demonstrate it had: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Williams v. Astrue, 600 F.3d 299, 302 (3d Cir. 2009). The justification of the government's position is based on "not what the law now is, but what the Government was substantially justified in believing it to have been." Pierce v. Underwood, 487 U.S. 552, 560–61 (1988). Therefore, although the government bears the burden to prove substantial justification, it need not have been "correct, or even justified to a high

degree," but rather simply "justified to a degree that could satisfy a reasonable person." Kiareldeen v. Ashcroft, 273 F.3d 542, 545, 554 (3d Cir. 2001) (citations omitted).

In June 2018, the Supreme Court decided Lucia v. the Securities Exchange Commission, holding that Securities Exchange Commission (SEC) Administrative Law Judges (ALJs) are "inferior officers" of the United States and not merely department "employees." 138 S. Ct. 2044, 2055 (2018). Pursuant to the Appointments Clause of the Constitution, "inferior officers" must be appointed by a Department head, unlike "employees," who are subject to only the Department's regular hiring procedure. Id. at 2051. Lucia held that the proper remedy for a claimant whose Appointments Clause rights were violated with a hearing before an improperly-appointed ALJ is remand for reconsideration before a properly-appointed ALJ. Id. at 2055. Before Lucia, neither the SEC nor the Social Security Administration (SSA) required department heads to appoint all ALJs. Less than a month after Lucia was issued, the Acting Social Security Commissioner issued an order remedying the faulty appointments of all SSA ALJs. See Social Security Emergency Message (EM) 18003 REV 2, § B (available at: https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM).

Cosgrove's claim for benefits was heard by an ALJ before Lucia or the July 2018 remedial order had been issued. R. at 28. She challenged the determination in federal court on multiple bases, including that her ALJ had not been properly appointed at the time her claim was heard. See Pl. Req. for Rev. (doc. 14). In January 2020, the United States Court of Appeals for the Third Circuit decided Cirko v. Comm'r of Soc. Sec., requiring remand of SSA benefit claims whose ALJ hearings were held before the Acting Commissioner remedied the ALJ appointments, even if the claimant raised the issue for the first time in federal court. 948 F.3d 148, 159 (3d Cir. 2020). I subsequently remanded her case for reconsideration. See 2/3/2020 Order (doc. 19).

According to Cosgrove, the Commissioner was not substantially justified in contesting her Appointments Clause claim in the first place because the ALJ's appointment was such an obvious violation.  Pl. Mot. at 7.  She points out that, in its Lucia decision, the Supreme Court found its holding was not new law, but an extension of Freytag.  Id. (citing Lucia, 138 S. Ct. at 2053).  Cosgrove misconstrues the Commissioner's initial argument.  The Commissioner argued that Cosgrove had forfeited her Appointments Clause claim, not that it had no substantive merit.  See Def. Br. (doc. 15) at 7.  The Third Circuit acknowledged that forfeiture was an open question when it addressed the issue in January 2020, conceding that "neither Lucia nor Freytag map perfectly" onto it.  Cirko, 948 F.3d at 148, 154.   The court has subsequently allowed forfeiture in a similar context.  See David Stanley Consultants v. Director, Office of Workers' Comp. Program, 800 F. App'x 123, 128 (3d Cir. 2020) (finding Appointments Clause challenge waived because it was not exhausted before the administrative body); see also Gonnella v. United States Securities Exchange Comm., 954 F.3d 536, 544 (2d Cir. 2020) (same).

Further, Appointments Clause claims can still be forfeited if they are not raised within the limitations period.  Cirko, 948 F.3d at 159.  The Commissioner's litigation position in this case was "substantially justified" because the operative facts and law were nearly identical to those in Cirko, which resolved this novel, disputed legal issue for the first time.  Pierce, 487 U.S. at 560–61.  Further, as the government noted, almost half the courts addressing the forfeiture issue have decided in its favor based on the same fact pattern and legal theory set forth here.  See, e.g., Muhammad v. Berryhill, 381 F. Supp. 3d 462, 471 (E.D. Pa. 2019) (finding for government on Lucia claim despite recommendation interpreting Ginsburg v. Richardson, 436 F.2d 1146 (3d Cir. 1971), United States v. L.A. Tucker Truck Lines, 344 U.S. 33 (1952), and Freytag v. Comm'r of Internal Revenue, 501 U.S. 868 (1991)); Pedrazza v. Berryhill, No. 17-2152, 2018

WL 6436093, at *5 (D. Kans. Dec. 7, 2018) (finding for government on Lucia claim while addressing Gilmore v. Weatherford, 694 F.3d 1160 (10th Cir. 2012)); Faulkner v. Comm'r of Soc. Sec., No. 17-1197, 2018 WL 6059403, at *2 (W.D. Tenn. Nov. 19, 2018) (finding for government on Lucia claim while addressing Elgin v. Dep't of Treasury, 567 U.S. 1 (2012)). "Losing a close call on a disputed issue of law does not mean the Commissioner lacked substantial justification." Cortese v. Comm'r of Soc. Sec., No. 18-3437, 2020 WL 2745741, at *1 (E.D. Pa. May 27, 2020).

     Although the Acting Commissioner remedied faulty ALJ appointments within weeks of the Lucia decision, Cosgrove contends the Commissioner's pre-litigation position still lacked substantial justification under Morgan v. Perry, 142 F.3d 670, 690 (3d Cir. 1998), which holds that "a constitutional violation will preclude a finding that the government's conduct was substantially justified." Pl. Mot. at 8. She argues the "Commissioner could have made ALJs constitutional long before" the Acting Commissioner issued the remedial order in July 2018. Id. at 5 n.3. Because the government had conceded the unconstitutionality of the SEC ALJs' appointments during the pendency of Lucia, Cosgrove contends the Commissioner was not substantially justified in waiting for the Lucia ruling before addressing the constitutional violation caused by the SSA ALJs, who were appointed using that same procedure. Id.

     But Morgan limited its conclusion about constitutional violations to "the usual case." Morgan, 142 F.3d at 690. Further, the court relied on the different legal standards applicable to merits fee awards and EAJA claims to deny attorney's fees under the EAJA even though plaintiff had successfully proved a constitutional violation. Id. The government's pre-litigation and litigation positions were found substantially justified because the government officials had used their discretion reasonably and the legal issue was "a close question of law." Id. at 688.

4

The Acting Commissioner was similarly "substantially justified" in exercising her discretion to wait for a Lucia ruling before changing SSA's ALJ appointment process because there was no clear law specifically prohibiting it. Russell v. Heckler, 814 F.2d 148, 153 (3d Cir. 1987) ("a legal position is substantially justified if it relates to an unsettled or close question of law, but not if it offends established precedent.").[1]  Lucia addressed a novel, disputed legal issue that had created an even split within an en banc panel of the D.C. Circuit. 138 S. Ct. at 2050. Administrative law scholars submitted amici briefs that set forth substantial arguments, in accordance with the original D.C. Circuit decision, that SEC ALJs were not subject to the Appointments Clause. See, e.g., Brief of Constitutional and Administrative Law Scholars as Amici Curiae in Support of Affirmance, 2018 WL 1609128.

Further, the Supreme Court did not adopt the government's entire Lucia argument. 138 S. Ct. at 2050 n.1. If the Commissioner had acted in concert with the government's position before Lucia was decided, SSA procedure might have had to change twice: once to comport with the government's position that the Appointments Clause required wholesale revision of the ALJ appointment and termination process, and another time to comport with the ultimate ruling, which required only re-appointment by the Department head and remand for consideration by a properly-appointed ALJ. Id. at 2055. The Commissioner's pre-litigation decision to continue its existing appointment process until Lucia was decided was "eminently reasonable" and therefore substantially justified under the EAJA. Morgan, 142 F.3d at 688.

---

[1]  Although Russell was remanded for reconsideration in light of Pierce, 487 U.S. 1229, its result was reinstated, 866 F.2d 638 (3d Cir.1989), and the Third Circuit later found its holding survived. Hanover Potato Prod., Inc. v. Shalala, 989 F.2d 123, 130–31 (3d Cir. 1993).

Because the Commissioner's pre-litigation exercise of discretion and litigation position in this case were both substantially justified, EAJA does not allow for fees.  <u>Williams</u>, 600 F.3d at 302.

An appropriate Order accompanies this opinion.